

Mona Lisa Harrison
        Petitioner,

V.

Patrick Ryan - Warden,
and Carl C. Danberg, Attorney
General of the State of
Delaware,
        Respondents.

Civil Action No. 06-434 G.M.S.

FILED

AUG 15 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
[X] scanned

## Motion for Grounds Added or Amended

Superior Court Summarily denied the Post Conviction motion, as time barred and as substantively without merit. Also stated that, the judgement of the Superior Court should be affirmed on the basis of, time barred and that Ms. Harrison has not demonstrated and the record does not reflect a basis upon which to excuse the procedural bar.

Ms. Harrison stated in her briefing, the fact that there was coercion when She signed the guilty plea. She was pressured by counsel at the time. Which is where her counsel was very ineffective Taking advantage of a young woman who was in great dispair and alone. Counsel wanted to take the easiest way possible. Using her family as leverage, to get her to take the plea. He did not want to go to trial. Ms. Harrison was traumatized by the who incident. Her Counsel was all she had and

page 2

She had to trust him - with her life,

Ms. Harrison by no means what so ever - was given any type of evaluation. She was suffering from Psychological Trauma Disorder. The given defenition of Psychological Trauma Disorder, as stated ( DSM IV, p. 424)

Psychological Trauma Disorder, is defined by the American Psychiatric Association as, an event or events that involved actual or threat ended death or serious injury, or a threat to the physical integrity of self or others. Examples include military combat, violent personal attack, natural or man made disasters, and torture for children, sexually traumatic events may include age inappropriate sexual experiences without violence or injury. ( DSM IV, p 424

Also, the State would like for us to believe that Ms. Harrison did not put in a motion for a Sentence reduction. It was stated by Judge Stokes that, Ms Harrison had put in a Sentence reduction in or before the 90 day dead line. However, Ms Harrison was told by Judge Stokes that her time was mandatory. However, another Female with the same charge and sentence, was granted a reduction in her sentence. I have no reference Numbers to recite, just a name - Anna Colick.

Ms Harrison only wants to put this behind her for good. Her mother is dying and she needs to be cared for, Ms. Harrison is wanting to move on and not continue to being hindered by a murder charge on her record. Its been 20 years since this occured and she has paid a very large debt to society. Please help her to move on, With this charge

page 3
to get a good job. Help her to put all of this to rest

Sincerely,
Mora Harrison

In The Supreme Court of The State of Delaware

Mona Harrison
Defendant Below
Appellant
   v.

No. 107, 2006

State of Delaware
Plaintiff Below
Appellee.

*Reply*
~~Answering~~ Brief

This would be an answering brief for the motion to affirm from Ms. Kim Ayvazian and for Superior Court. As stated in the motion to affirm, on December 18, 1987 Ms. Harrison entered a guilty plea to a lesser offense, of second-degree Murder. The plea in which her Rule 61 is based. The guilty plea in which she is claiming coercion form her then legal counsel T Henely Graves. Counsel stated to Ms. Harrison to take the plea and that the court does not want to pay for the cost of a trial. As stated in the opening brief, Ms. Harrison feels taken advantage of due to her age and lack of legal knowledge. A very vulnerable, young and naïve individual. Suffering from stress and duress.

As stated in the motion, Ms. Harrison moved for a post-conviction relief on January 5, 2006 and was denied on February 6, 2006. The Superior Court stated that the claim is time-barred unless one of the exceptions in Rule 61 (i) (5) applies. In other words, it has to be a substantial constitutional violation amounting to a miscarriage of justice, Id. Ms. Harrison feels she has stated that in her opening brief – a "substantial constitutional violation amounting to a miscarriage of justice." By her being taken advantage of and her counsel being ineffective at the time of her court proceedings.

It was stated, that because Ms. Harrison did not appeal from the conviction, her conviction became final in April 1988, after the passage of 30 days following sentencing. The Superior Court itself stated, "a motion for reduction of sentence must be filed within 90 days after the sentence is imposed. Super. Ct-Crim R. 35(b) Defendant did in fact file a timely motion for modification of sentence by letter dated May 24, 1988." So therefore, Ms. Harrison did in fact file in a timely manner for a sentence reduction on her own. Ms. Harrison was never informed by her legal counsel, as to any other options for relief from her sentence. Ms. Harrison was told to take a guilty plea for a 2nd degree Murder, which entailed a life sentence. Told that she was guilty of murder because she knew of the robbery.

Ms. Harrison feels that because of Judge Stokes being a co-worker and friend of the now Judge T. Henely Graves, that her Rule 61 was not looked at un-biasly.

The Superior Court stated, "with regard to the actual prejudice aspect," (d) defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. "Strickland v. Washington, 466 U.S. at 694. As stated, Ms. Harrison had no intentions of harming the victim. That she took no physical part in the crime and that it was so stated that, Ms. Harrison was not at the scene of the crime as was one of her co-defendant Mr. Melvin Ward. The court papers sent to me have him named as the one who shot the victim but, that is incorrect. Mr. Ward wasn't the one, Mr. Hammond was. Mr. Ward did not take part in the crime itself either as for Ms. Harrison. Mr. Ward who did not give in to pressures of taking a plea, received a seventeen (17) year sentence for his role in the incident. Mr. Ward was at the scene near the house, Ms. Harrison was in the car about one half mile away from the scene. Noting that, if in fact Ms. Harrison wasn't coerced into taking her plea, the proceeding would of most definitely turned out differently. (Ward v. State)

The Superior Court states that the guilty plea was knowingly and voluntary. Ms. Harrison states that her counsel told her to take it. That she would still be young when she got out. It was, what was best for her and for Mr. Smith – which of course, Judge T. Henely Graves in fact represented both individuals, at the same time. The state has not been able to prove that counsel for Ms. Harrison, did in fact work effectively and in the best interest of Ms. Harrison. Just as they stated her rule 61 claim is barred due to time-bar, however Ms. Harrison feels she has proved a miscarriage of justice, which would remove the time-bar and allow the Rule 61 to stand. There are conflicting statements form the Superior Court Judge Stokes and the Deputy Attorney General, which Ms. Harrison has shown. Therefore Ms. Harrison moves to have her guilty plea overturned. That she has suffered a huge loss over the last nineteen (19) years. One that continues to follow and haunt her. Ms. Harrison prays on the court to get a fir hearing and for the Supreme Court to carefully read all statements from herself, Superior Court and D. A Ms. Ayvazian. She would like to put it all behind her and move away to another state with her soon to be husband. Ms. Harrison also asks the court to listen only to what pertains to the case itself. The judgment should therefore be overturned.


Mona Harrison
D.J.B.W.C.I.
660 Baylor Blvd.
New Castle, DE 19720