## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MONA LISA HARRISON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 06-434-GMS |
| | ) | |
| **PATRICK RYAN**, Warden | ) | |
| and **CARL C. DANBERG**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On July 13, 1987, Petitioner, Mona Lisa Harrison, was indicted for first degree murder and related charges stemming from the June 1987 shooting of William A. Hastings. *See* Del. Super. Ct. Crim. Dkt. Item 2 in case no. 8706000014 ("Superior Court Docket Item __"). *See generally Ward v. State*, 567 A.2d 1296 (Del. 1989) (appeal of co-defendant). In December 1987, Harrison pled guilty to second degree murder pursuant to a plea agreement where the State agreed to dismiss the remaining charges. Superior Court Docket Items 11-12. Harrison was sentenced in March 1988 to life imprisonment with the possibility of parole.[1]  Superior Court Docket Item 14. She did not appeal her conviction or sentence.

---

[1] Superior Court noted in its February 6, 2006 order, at footnote 1, that Harrison had originally been paroled in January 1996.

Between June and August 2000, Harrison filed numerous motions for modification of her sentence. Superior Court Docket Items 22-25. Each request was denied. On January 1, 2006, Harrison filed a motion for postconviction relief, which the Superior Court denied on February 6, 2006. Superior Court Docket Items 30, 34. Responding to Harrison's claims that she was coerced into pleading guilty and of ineffective assistance of counsel, Superior Court denied her motion on the merits, fiding that Harrison's claims that she was coerced into pleading guilty was untimely under Criminal Rule 61(i)(1), but that Harrison's contention had to be considered under Criminal Rule 61(i)(5). In turn, Harrison's allegation of coercion failed on the merits. On appeal, the Superior Court's decision was affirmed. *See Harrison v. State*, 2006 WL 1881671 (Del. July 6, 2006).

## Discussion

According to Harrison, her attorney provided ineffective assistance because he told her that if she went to trial, she would be convicted of first degree murder. In the same context, Harrison refers to her youth, inexperience, and stress at the time. D.I. 2 and 6. The claim was presented in Harrison's 2006 appeal to the state supreme court, and she has accordingly exhausted state remedies.

Harrison is not entitled to relief because the claims presented in her petition are procedurally barred as untimely under 28 U.S.C. § 2244(d). Because Harrison's petition was filed in July 2006, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D.

2

Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). By the terms of § 2244(d)(1), as amended by AEDPA, a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).[2] Because Harrison's conviction became final[3] before the enactment of AEDPA, she had until April 23, 1997, to file her petition for federal habeas relief. *See Satterfield v. Johnson*, 434 F.3d 185, 191 (3d Cir. 2006); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). She did not file her petition until July 9, 2006, more than nine years beyond the April 23, 1997 deadline.[4] Accordingly, her petition is untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

In turn, the tolling mechanism of § 2244(d)(1) does not save Harrison's petition from the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. But all of Harrison's litigation occurred after the statute of limitations had run: post-conviction litigation initiated after the one year period set out in section 2244(d)(1) has run does not reset or revive the limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.

---

[2] Harrison does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable.

[3] Harrison did not appeal her conviction; it thus became final in April 1988, when the thirty day period in which to appeal expired. *See, e.g., Lindsey v, Carroll*, 421 F. Supp. 2d 806, 809 (D. Del. 2006) (citations omitted).

[4] The petition is dated July 9, 2006. D.I. 2, at 7. That is the presumptive date on which Harrison gave the petition to prison officials for mailing. In turn, that date is the date the petition is deemed filed. *See, e.g., Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002).

2000); *Woods*, 215 F. Supp.2d at 462 (citing cases); *Spencer v. Snyder*, 2002 WL 1774234, at *2 (D. Del. July 24, 2002) (citing cases). Harrison's petition is thus untimely under section 2244(d) and must be dismissed.

Of course, as the Court has repeatedly noted, the limitation period might be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Harrison has failed to allege or demonstrate any extraordinary circumstances that prevented her from filing her petition with the Court in a timely manner. She cannot credibly allege that the legal argument or facts were unavailable to her during the limitations period. Moreover, equitable tolling requires diligence on the part of the prisoner. *Miller*, 145 F.3d at 618-19. Waiting nearly 20 years before bringing her claims is hardly a sign of diligence on Harrison's part. Accordingly, her claim is untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

Moreover, Harrison's claim is procedurally defaulted. Though the claim is exhausted, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). Harrison did not comply with state procedural requirements pertaining to the claims she raises in her petition. Under Superior Court Criminal Rule 61(i)(1), a defendant is time barred from bringing a motion for postconviction relief more than three years after the

4

judgment becomes final. The Delaware Supreme Court affirmed the trial court's denial of Harrison's motion as untimely and, furthermore, found no exception to the time bar applicable to Harrison's case. *See Harrison*, 2006 WL 1881671, at ¶ 3. Harrison, having failed to comply with Criminal Rule 61(i)(1), failed to comply with the relevant state procedural requirements. *See Lawrie*, 9 F. Supp.2d at 451.

Accordingly, federal habeas review of Harrison's claim is barred unless she establishes cause for her procedural default in state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson*, 988 F. Supp. at 804-05; *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992); *Browne v. Carroll*, 2006 WL 167549, at *11 (D. Del. Jan. 24, 2006). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded her compliance with state procedural rule. *McCleskey v. Zant*, 499 U.S. 47, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. At 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at...trial created a possibility of prejudice, but that they worked to [her] actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (*quoting United States v. Frady*, 456 U.S. 152, 179 (1982)). *See also Dawson*, 988 F. Supp. at 804-05 (*quoting Carrier*).

Here, Harrison offers no explanation for her nearly 20 year delay in seeking any form of post-conviction relief. Given Harrison's failure to articulate any cause for the default, the Court need not reach the question of actual prejudice. *See, e.g., Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995).

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Harrison's plea colloquy and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be dismissed without further proceedings.

/s/James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
James.Wakley@state.de.us

DATE: November 27, 2006

Westlaw.

903 A.2d 322

Page 1

903 A.2d 322, 2006 WL 1881671 (Del.Supr.)
**(Cite as: 903 A.2d 322)**

Harrison v. StateDel.Supr.,2006.(The decision of
the Court is referenced in the Atlantic Reporter in a
'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Mona HARRISON, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 107, 2006.**

Submitted: April 25, 2006.
Decided: July 6, 2006.
Reargument Denied July 17, 2006.

Court Below-Superior Court of the State of
Delaware, in and for Sussex County in Cr. ID No.
87S00410DI.

Before STEELE, Chief Justice, HOLLAND and
BERGER, Justices.

### ORDER
RANDY J. HOLLAND, Justice.
**\*1** This 6th day of July 2006, upon consideration of
the appellant's opening brief, the State's motion to
affirm pursuant to Supreme Court Rule 25(a), and
the Superior Court record, it appears to the Court
that:

(1) In 1987, the appellant, Mona Harrison, pleaded
guilty to Felony Murder in the Second Degree. In
1988, Harrison was sentenced to life in prison,
subject to parole.

(1) On January 5, 2006, Harrison filed a motion for
postconviction relief pursuant to Superior Court
Criminal Rule 61. By order dated February 6, 2006,
the Superior Court summarily denied the motion as
time-barred and as substantively without merit.

(3) After careful consideration of the parties'
positions on appeal and the Superior Court record,
we conclude that the judgment of the Superior

Court should be affirmed on the basis of, and for the
reasons set forth in, the Superior Court's
well-reasoned decision dated February 6, 2006.[FN1]
Harrison's postconviction motion and the claims
therein, coming seventeen years after her guilty plea
and sentence, were appropriately dismissed as
time-barred.[FN2] On appeal, Harrison has not
demonstrated, and the record does not reflect, a
basis upon which to excuse the procedural bar.[FN3]

> FN1. *See also Somerville v. State,* 703
> A.2d 629, 632 (Del.1997) (holding that
> defendant was bound by his answers on the
> guilty plea form and by his sworn
> testimony during plea colloquy).

> FN2. *See* Del.Super. Ct.Crim. R. 61(i)(1)
> (2005) (barring claim filed more than three
> years after judgment is final or after newly
> recognized retroactively applicable right).

> FN3. *See* Del.Super. Ct.Crim. R. 61(i)(5)
> (2006) (excepting from time bar a
> jurisdictional claim or a colorable claim
> that there was a manifest injustice because
> of a constitutional violation).

NOW, THEREFORE, IT IS ORDERED that the
State's motion to affirm is GRANTED. The
judgment of the Superior Court is AFFIRMED.

Del.Supr.,2006.
Harrison v. State
903 A.2d 322, 2006 WL 1881671 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 1774234 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Briefs and Other Related Documents
Spencer v. SnyderD.Del.,2002.Only the Westlaw
citation is currently available.
United States District Court, D. Delaware.
Jesse L. SPENCER, Petitioner,
v.
Robert SNYDER, Warden, and Attorney General of
the State of Delaware, Respondents.
**No. CIV.A. 00-898-SLR.**

July 24, 2002.

Following conviction of assault, robbery, burglary,
kidnaping, and four counts of possession of a
deadly weapon during the commission of a felony,
inmate appealed. On direct appeal, 682 A2d 627,
the Supreme Court affirmed. Denying habeas, the
District Court, Robinson, J., held that: (1) statute of
limitations began running when inmate's conviction
became final, and thus inmate's petition was
untimely; (2) statute of limitations was not
statutorily tolled; and (3) inmate failed to establish
any extraordinary circumstances that prevented him
from filing his writ of habeas corpus in a timely
manner, and thus equitable tolling did not apply.

Dismissed.
West Headnotes
**[1] Habeas Corpus 197 ⊂⊃603**

197 Habeas Corpus
   197III Jurisdiction, Proceedings, and Relief
      197III(A) In General
         197k603 k. Laches or Delay. Most Cited
Cases
A pro se prisoner's habeas petition is deemed filed
on the date he delivers it to prison officials for
mailing to the district court, not on the date the
district court dockets it.

**[2] Habeas Corpus 197 ⊂⊃603**

197 Habeas Corpus

197III Jurisdiction, Proceedings, and Relief
   197III(A) In General
      197k603 k. Laches or Delay. Most Cited
Cases
One-year statute of limitations applicable to federal
habeas corpus petitions under Antiterrorism and
Effective Death Penalty Act (AEDPA) began
running when inmate's conviction became final, and
thus inmate's habeas corpus petition was untimely
where inmate filed four years after date conviction
became final. 28 U.S.C.A. §§2244(d)(1), (d)(2).

**[3] Habeas Corpus 197 ⊂⊃603**

197 Habeas Corpus
   197III Jurisdiction, Proceedings, and Relief
      197III(A) In General
         197k603 k. Laches or Delay. Most Cited
Cases
One-year statute of limitations applicable to federal
habeas corpus petitions under Antiterrorism and
Effective Death Penalty Act (AEDPA) was not
statutorily tolled by inmate's application for
postconviction relief where inmate's application was
filed after the expiration of the one-year limitations
period. 28 U.S.C.A. §2244(d)(2).

**[4] Habeas Corpus 197 ⊂⊃603**

197 Habeas Corpus
   197III Jurisdiction, Proceedings, and Relief
      197III(A) In General
         197k603 k. Laches or Delay. Most Cited
Cases
Inmate failed to establish any extraordinary
circumstances that prevented him from filing his
writ of habeas corpus in a timely manner, and thus,
equitable tolling of one-year statute of limitations
applicable to federal habeas corpus petitions under
Antiterrorism and Effective Death Penalty Act
(AEDPA) did not apply; inmate failed to offer any
explanation for delay, and even acknowledged that
he did not file petition within limitations period. 28
U.S.C.A. §2244(d)(2).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 1774234 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Jesse L. Spencer, Delaware Correctional Center,
Smyrna, Delaware. Petitioner, pro se.
Loren C. Meyers, Esquire, Chief of Appeals
Division, Delaware Department of Justice,
Wilmington, Delaware. Counsel for Respondents.

MEMORANDUM OPINION
ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Petitioner Jesse L. Spencer is a state inmate in
custody at the Delaware Correctional Center in
Smyrna, Delaware. Currently before the court is
petitioner's application for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254. (D.I.2) For the
reasons that follow, the court concludes that
petitioner's application is time barred by the
one-year period of limitation prescribed in 28
U.S.C. § 2244(d)(1). Accordingly, the court will
dismiss the petition as untimely.

II. BACKGROUND

Following a jury trial in the Delaware Superior
Court, petitioner was convicted of assault, robbery,
burglary, kidnaping, and four counts of possession
of a deadly weapon during the commission of a
felony. The Superior Court sentenced petitioner on
September 22, 1995, to 103 years imprisonment,
suspended after 100 years for decreasing levels of
supervision. On direct appeal, the Delaware
Supreme Court affirmed. *Spencer v. State,* No. 417,
1995, 1996 WL 415919 (Del. July 17, 1996).

Three years later, on July 16, 1999, petitioner filed
in the Superior Court a motion for postconviction
relief pursuant to Rule 61 of the Superior Court
Rules of Criminal Procedure. The Superior Court
summarily dismissed the motion. *State v. Spencer,*
No. 9402009418, 1999 WL 743314 (Del.Super.Ct.
Aug.3, 1999). The Delaware Supreme Court
dismissed petitioner's postconviction appeal as
untimely. *Spencer v. State,* No. 407, 1999, 1999
WL 971069 (Del. Oct.4, 1999).

Petitioner's application for federal habeas relief is
now before the court.

III. DISCUSSION

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty
Act of 1996 ("AEDPA"), Congress amended the
federal habeas statute by prescribing a one-year
period of limitation for the filing of habeas petitions
by state prisoners. *Stokes v. District Attorney of
County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.)
, *cert. denied,* 534 U.S. 959, 122 S.Ct. 364, 151
L.Ed.2d 276 (2001). Effective April 24, 1996, the
AEDPA provides:
(1) A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person
in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of -
(A) the date on which the judgment became final by
the conclusion of direct review or the expiration of
the time for seeking such review ...

28 U.S.C. § 2244(d)(1).

As described above, the Delaware Supreme Court
affirmed petitioner's conviction and sentence on
July 17, 1996. Petitioner was then allowed ninety
days in which to file a petition for a writ of
certiorari with the United States Supreme Court. *See*
Sup.Ct. R. 13.1. Although petitioner did not seek
review from the United States Supreme Court, the
ninety-day period in which he could have filed such
a petition is encompassed within the meaning of "
the expiration of the time for seeking [direct] review,
" as explained in § 2244(d)(1)(A). *See Kapral v.
United States,* 166 F.3d 565, 576 (3d Cir.1999)
(holding that on direct review, the limitation period
begins to run at the expiration of the time for
seeking review in the United States Supreme
Court). Therefore, petitioner's conviction became
final on October 15, 1996, ninety days after the
Delaware Supreme Court affirmed his conviction
and sentence.

**\*2** **[1]** The court's docket reflects that the current
petition was filed on October 13, 2000. (D.I.2) A
pro se prisoner's habeas petition, however, is
deemed filed on the date he delivers it to prison
officials for mailing to the district court, not on the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 3

Not Reported in F.Supp.2d, 2002 WL 1774234 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

date the district court dockets it. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). Petitioner has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated September 29, 2000. (D.I.2) In the absence of proof respecting the date of delivery, the court deems the petition filed on September 29, 2000. *See Murphy v. Snyder,* Civ. A. No. 98-415-JJF, at 4 (D.Del. Mar. 8, 1999).

[2] In short, the one-year period began running when petitioner's conviction became final on October 15, 1996. His habeas petition was filed nearly four years later on September 29, 2000. That, however, does not necessarily require dismissal of the petition as untimely, because the one-year period is subject to statutory and equitable tolling. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:
The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

[3] Here, petitioner filed a motion for postconviction relief in the Superior Court on July 16, 1999. The one-year period of limitation, however, expired on October 15, 1997, one year after his conviction became final. Petitioner's motion for postconviction relief, filed long after the one-year period expired, has no tolling effect in this matter. *See Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir.2001)(stating that application for postconviction relief filed after the expiration of the one-year period has no tolling effect), *cert. denied,* 535 U.S. 1034, 122 S.Ct. 1789, 152 L.Ed.2d 649 (2002); *Collingwood v. Snyder,* Civ. A. No. 00-783-SLR, 2002 WL 1446702, *3 (D.Del. June 28, 2002)(same).

In sum, petitioner filed his motion for postconviction relief after the one-year period of limitation had expired. The court thus concludes that the statutory tolling provision does not apply.

### C. Equitable Tolling

Additionally, the one-year period of limitation may be equitably tolled. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling applies
only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*3 *Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

[4] In the instant case, petitioner has failed to articulate any extraordinary circumstances that prevented him from filing his petition with this court in a timely manner. Indeed, he has failed to offer any explanation for the delay, and even acknowledges that he "has not filed his petition within the statutory provision of § 2244(d)(1)." (D.I.18, ¶ 5) Moreover, the court has independently reviewed the record, and can discern no extraordinary circumstances that warrant applying equitable tolling. Accordingly, the court will dismiss the petition as time barred.

### IV. CERTIFICATE OF APPEALABILITY

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 1774234 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if petitioner " has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

As discussed above, the court has concluded that the current habeas petition is time barred, and that neither the statutory tolling provision nor the doctrine of equitable tolling applies. The court is persuaded that reasonable jurists would not debate the correctness of these conclusions. Petitioner, therefore, has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted.

## V. CONCLUSION

For the reasons stated, the court will dismiss petitioner's application for a writ of habeas corpus, and will not issue a certificate of appealability. An appropriate order shall issue.

D.Del.,2002.
Spencer v. Snyder
Not Reported in F.Supp.2d, 2002 WL 1774234 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00898 (Docket) (Oct. 13, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                 Page 1

Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Thomas v. SnyderD.Del.,2001.Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Kevin A. THOMAS, Petitioner,
v.
Robert W. SNYDER, Warden, and Attorney General of the State of Delaware, Respondents.
**No. CIV.A. 98-597-GMS.**

Nov. 28, 2001.

### MEMORANDUM AND ORDER

SLEET, District J.
*1 Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware, where he is serving a sentence of life imprisonment. Thomas has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Thomas' petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d).

### I. BACKGROUND

On June 28, 1993, following a jury trial in the Delaware Superior Court, Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. The evidence at trial demonstrated that on September 13, 1992, Thomas shot David Turner in the face and killed him. Thomas was seventeen years old at the time. He was sentenced to life in prison without parole on the murder conviction and to a consecutive sentence of five years in prison on the weapons conviction. The Delaware Supreme Court affirmed Thomas' conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a motion for post-conviction relief pursuant to Rule 61 of the Delaware Superior Court Criminal Rules. The trial court summarily dismissed Thomas' Rule 61 motion on December 23, 1996. Thomas appealed to the Delaware Supreme Court. His subsequent motion to withdraw the appeal was granted on March 11, 1997. Thomas filed a second Rule 61 motion for post-conviction relief on March 27, 1997, which was summarily dismissed on May 9, 1997. Again, Thomas appealed to the Delaware Supreme Court. The Court affirmed the order of dismissal on November 24, 1997.

Thomas has now filed with this court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition Thomas articulates four separate grounds for relief: (1) The searches of his residence and car were in violation of the Fourth Amendment, and all evidence seized from these searches should have been suppressed; (2) The trial court erred in admitting identification testimony that was the result of an impermissibly suggestive photographic identification procedure; (3) The trial court violated his constitutional right to due process by giving a supplemental jury instruction pursuant to *Allen v. United States,* 164 U.S. 492 (1896); and (4) His constitutional rights were violated when police questioned him without a parent or legal guardian present. The respondents argue that the petition is subject to a one-year period of limitation that expired before Thomas filed it. Thus, they request that the court dismiss the petition as time barred.

### II. DISCUSSION

#### A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

period of limitation for the filing of § 2254 habeas petitions by state prisoners. *Stokes v. District Attorney of the County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.2001). Effective April 24, 1996, the AEDPA provides:

**\*2** (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998) (prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13. Although Thomas did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of " the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns,* 134 F.3d at 111.

Ascertaining the precise date Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. *Id.* at 113. Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could have delivered it to prison officials for mailing.

**\*3** Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d) 's period of limitation may be either statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 23, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                         Page 3

Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the one-year period of limitation. [FN1]

> FN1. The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000)

Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation. [FN2] Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period. [FN3]

> FN2. Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. Under Rule 61, "[a]ny ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred." Super. Ct. R.Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." *Id.,* Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was

tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

> FN3. Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See* Supreme Court Rule 13. As explained above, on direct review that ninety-day period is excluded from the one-year period of limitation. *See Kapral,* 166 F.3d at 576. In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does *not* toll the one-year period, and the ninety-day period is counted. *Stokes,* 247 F.3d at 543.

Nonetheless, since the date of the enactment of AEDPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25, 1997, through August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

### C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 4

Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

tolling. *Fahy v. Horn,* 240 F .3d 239, 244 (3d
Cir.2001); *Jones,* 195 F.3d at 159; *Miller v. New
Jersey State Dep't of Corrections,* 145 F.3d 616,
618 (3d Cir.1998). The doctrine of equitable tolling
applies:
*4 only when the principles of equity would make
the rigid application of a limitation period unfair.
Generally, this will occur when the petitioner has in
some extraordinary way been prevented from
asserting his or her rights. The petitioner must show
that he or she exercised reasonable diligence in
investigating and bringing [the] claims. Mere
excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In
other words, equitable tolling "may be appropriate
if (1) the defendant has actively misled the plaintiff,
(2) the plaintiff has 'in some extraordinary way'
been prevented from asserting his rights, or (3) if
the plaintiff has timely asserted his rights
mistakenly in the wrong forum." *Jones,* 195 F.3d at
159, *quoting United States v.. Midgley,* 142 F.3d
174, 179 (3d Cir.1998).

In the instant case, Thomas argues that the
AEDPA's one-year period of limitation is at odds
with the three-year period allowed for filing a Rule
61 motion for post-conviction relief. He contends
that because Delaware allows three years in which
to file a Rule 61 motion, and petitioners are
required to exhaust state remedies before filing
habeas petitions in federal court, it is unfair to apply
the AEDPA's one-year period of limitation, rather
than Delaware's three-year period.

Although Thomas is correct that Delaware generally
allows three years in which to file a Rule 61 motion,
*see* Super. Ct. R.Crim. P., Rule 61(i)(1), the court is
unimpressed by his equitable tolling argument. As
explained above, the court has applied § 2244(d)(2)
's tolling provision to exclude the periods of time
during which his two post-conviction proceedings
were pending before the state courts. These periods
of time do not count against Thomas. There is
nothing unfair or inequitable in applying the
AEDPA's one-year period of limitation to
petitioners who wait more than a year before filing a
habeas petition in federal court, even if the
Delaware rule permits a longer period of time in

which to file Rule 61 motions.

More important, Thomas has failed to articulate any
extraordinary circumstances that prevented him
from filing his habeas petition with this court in a
timely manner. Indeed, he has failed to offer *any*
explanation for the delay. He has not provided the
court with any reason why, after the AEDPA was
enacted, he waited until December 18, 1996, to file
his first Rule 61 motion. He has not explained why,
after his second Rule 61 proceedings were
completed on November 24, 1997, he waited until
August 10, 1998, to file his habeas petition with this
court.

In short, the court cannot discern any extraordinary
circumstances that warrant applying the doctrine of
equitable tolling. Thomas' habeas petition will be
dismissed as untimely.

### D. Motion for Appointment of Counsel

In a letter to the court dated April 16, 2000, Thomas
inquired respecting appointment of counsel in this
matter. The court construes this letter as a motion
for appointment of counsel. The Sixth Amendment
right to counsel does not extend to habeas
proceedings. *See Pennsylvania v. Finley,* 481 U.S.
551, 555 (1987); *United States v. Roberson,* 194
F.3d 408, 415 n. 5 (3d Cir.1999). Additionally, the
court has determined that Thomas' habeas petition
will be dismissed as untimely. Accordingly,
Thomas' letter dated April 16, 2000, construed as a
motion for appointment of counsel, will be denied
as moot.

### III. CERTIFICATE OF APPEALABILITY

*5 Finally, the court must determine whether a
certificate of appealability should issue. *See* Third
Circuit Local Appellate Rule 22.2. The court may
issue a certificate of appealability only if the
petitioner "has made a substantial showing of the
denial of a constitutional right." 28 U.S.C. §
2253(c)(2).

When the court denies a habeas petition on

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 5

Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:
1. Thomas' petition for a writ of habeas corpus pursuant to 28 U .S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.
2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.
3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2001.
Thomas v. Snyder
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 1

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Browne v. CarrollD.Del.,2006.Only the Westlaw
citation is currently available.
United States District Court,D. Delaware.
Cecil BROWNE, Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
**No. Civ.A. 04-870-JJF.**

Jan. 24, 2006.

Cecil Browne, Petitioner, pro se.
Loren C. Meyers, Chief of the Appeals Division,
Elizabeth McFarlan, Deputy Attorney General, and
Gregory E. Smith, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for Respondent.

*MEMORANDUM OPINION*
FARNAN, J.
**\*1** Pending before the Court is an Application For
A Writ Of Habeas Corpus Pursuant To 28 U.S.C. §
2254 ("Petition") filed by Petitioner Cecil Browne.
(D.I.1.) For the reasons discussed, the Court will
dismiss the Petition and deny the relief requested.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner lived with his girlfriend Brenda Saunders
at her home in Wilmington, Delaware for
approximately four years, when the events leading
to Petitioner's arrest and conviction unfolded.
During an argument in the early morning hours of
September 4, 1998, Petitioner forced Ms. Saunders
to her knees and forced her to perform fellatio while
holding a knife. Ms. Saunders bit Petitioner causing
him to release her. She then went upstairs.
Petitioner followed Ms. Saunders upstairs and again
attempted to force her to perform fellatio. Petitioner
struck Ms. Saunders, called her derogatory names,

and attempted to have anal and vaginal intercourse
with her.

Petitioner temporarily stopped assaulting Ms.
Saunders while he telephoned his employer. After
completing that phone call, he again tried to force
Ms. Saunders to perform fellatio. According to
Petitioner, the two of them engaged in voluntary
intercourse. Ms. Saunders denied consenting to any
sexual act with Petitioner on September 4, 1998.

Wilmington police arrested Petitioner and charged
him with one count of first degree unlawful sexual
intercourse, two counts of second degree unlawful
sexual intercourse, two counts of attempted second
degree unlawful sexual intercourse, and one count
of possession of a deadly weapon during the
commission of a felony. In October 1998, the State
indicted Petitioner on these same charges, and one
additional charge of aggravated menacing. In
December, while he was in custody, Petitioner was
arrested on two counts of noncompliance with
conditions of bond, and another indictment was
issued in March 1999 in connection with these
charges. The October 1998 and May 1999
indictments were joined pursuant to a motion filed
by the State.

Petitioner was convicted by a jury in September
1999, on three counts of third degree unlawful
sexual intercourse and two counts of attempted third
degree unlawful sexual intercourse (lesser-included
offenses of the indicted charges). The Superior
Court granted Petitioner's motion for acquittal on
the two counts of noncompliance with conditions of
bond, and the jury acquitted Petitioner of the
weapons charge and aggravated menacing.
Petitioner was sentenced to an aggregate of forty
years in prison, suspended after eleven years for
fifteen years of decreasing levels of supervision.

Petitioner appealed, arguing that the Superior Court
erred in: (1) denying his motion for acquittal as to
the two counts of unlawful sexual intercourse in the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                          Page 2

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

second degree; and (2) refusing his requested jury instruction on the offense of unlawful sexual contact in the third degree. The Delaware Supreme Court affirmed Petitioner's convictions and sentences. *Browne v. State,* 2000 WL 1780761 (Del. Nov. 29, 2000).

**\*2** In May 2002, Petitioner applied for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion" ), alleging that his trial counsel provided ineffective assistance by failing to: (1) disclose his pre-trial counsel's ineffective assistance to the court; (2) raise a speedy trial claim; (3) object to the admission of portions of his taped statements made to police; and (4) object to various illegal pretrial matters. *State v. Browne,* 2002 WL 31260008 (Del.Super.Ct. Oct. 3, 2002). The Superior Court denied Petitioner's Rule 61 motion, concluding that Petitioner's claims either had no merit or were procedurally defaulted. The Delaware Supreme Court affirmed the Superior Court's decision. *Browne v. State,* 2003 WL 21364452 (Del. June 9, 2003).

## II. GOVERNING LEGAL PRINCIPLES

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Under the AEDPA, a petitioner in custody pursuant to a state court judgment must exhaust remedies available in the state courts before seeking habeas relief from a federal court. 28 U.S.C. § 2254(b), (c); *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). A petitioner satisfies the exhaustion requirement by invoking "one complete round of the State's established appellate review process," which involves fairly presenting the claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999); *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997).

If the state's highest court adjudicates a federal habeas claim on the merits, then a federal court must review the claim under the standard contained in § 2254(d). Section 2254(d) only permits federal habeas relief when the state court's decision was " contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *Williams v. Taylor,* 529 U.S. 362, 412 (2000); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000), and is only rebuttable if the petitioner presents clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

**\*3** If a petitioner fairly presents a habeas claim to a state's highest court, but the state court refuses to consider the claim because the petitioner failed to comply with an independent and adequate state procedural rule, the claim is deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192. A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman,* 501 U.S. at 750-51.; *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

## III. DISCUSSION

Petitioner presents eight grounds [FN1] for habeas relief in his Petition. Specifically, Petitioner

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 3

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

contends that: (1) both pretrial counsel and trial counsel provided ineffective assistance; (2) his speedy trial rights were violated; (3) his confession was improperly admitted into evidence at his trial; (4) he was illegally arrested for noncompliance with bond conditions; (5) his October 1998 and March 1999 indictments were illegally joined; (6) the Superior Court failed to grant a mistrial after the jury submitted notes during its deliberations; (7) his sentence is illegal because it violates Delaware's Truth-in-Sentencing Guidelines and *Blakely v. Washington,* 542 U.S. 296 (2004); and (8) there was insufficient evidence to support his conviction and sentence and the trial court erred in failing to grant his request for a lesser included offense instruction on unlawful sexual contact in the third degree. (D.I.2.) Petitioner has exhausted state remedies for all eight claims by presenting them to the Delaware Supreme Court, either on direct appeal or post-conviction appeal.

> FN1. Petitioner actually presents nine grounds for relief, but the Court has combined Claims One and Eight because they both assert ineffective assistance of counsel.

A. *Petitioner's Claim For Illegal Arrest For Non-Compliance With Bond Conditions*

Petitioner was arrested on September 11, 1998, for his conduct on September 4, 1998, which has been previously described. His Order of Commitment explicitly states that "as a condition of your release on bail, you are ordered to have no contact, direct or indirect with Brenda C. Saunders," and "these conditions must be followed whether you post bail or are in jail." (D.I.22.) On September 15 and 16, 1998, Petitioner sent Ms. Saunders two letters. Shortly thereafter, in December 1998, an arrest warrant issued charging Petitioner with two counts of noncompliance with conditions of bond.

Petitioner contends that his December 1998 arrest was illegal because (1) he was not released on bail at the time he violated the bond conditions, and (2) the Superior Court never held a preliminary (or bail) hearing.[FN2] The Court concludes that

Petitioner's claim is not cognizable on federal habeas review, because it presents issues of state law. 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67-8 (1991). Pursuant to 11 Del. C. Ann. § 2109(b), a court may require an accused who is committed in lieu of bail to have no contact with the victim or the victim's family while he is in custody. If the accused fails to comply with the conditions of bond, he shall be arrested. 11 Del. C. Ann. § 2113(a) . Further, there is no federal constitutional right to a preliminary hearing. *See Gerstein v. Pugh,* 420 U.S. 103, 118 n. 19 (1975). Although Delaware statutory law grants an accused the right to a preliminary hearing, this right to a preliminary hearing does not apply when the accused is already in custody for another crime. *See* 11 Del. C. Ann. § 1909; *Garner v. State,* 145 A.2d 68 (1958). Accordingly, the Court will dismiss Petitioner's claim of illegal arrest as non-cognizable on federal habeas review.[FN3]

> FN2. Respondents identify a third allegation with respect to the December 1998 arrest: the arrest was illegal because the police improperly questioned him without the presence of counsel. The Court will address this contention in the context of its discussion of Petitioner's ineffective assistance of counsel claims.

> FN3. To the extent Petitioner's claim can be construed as alleging that any delay in holding a bail hearing violated his constitutional rights, the Court concludes that Petitioner's claim is moot in light of his acquittal on the charges for non-compliance with bond conditions. *See Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982).

B. *Claims Adjudicated on the Merits in State Court*

**\*4** Petitioner's claims for ineffective assistance of counsel, speedy trial violation,[FN4] and insufficient evidence to support his conviction were denied by the Delaware Supreme Court on the merits. *See Browne,* 2001 WL 1780761(direct appeal); *Browne,* 2003 WL 21364452 (post-conviction appeal). Consequently, the Court must review the claims

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                      Page 4

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

under § 2254(d)(1) to determine if the Delaware Supreme Court's denial of the claims was contrary to, or an unreasonable application of, United States Supreme Court precedent.

> FN4. Respondents contend that Petitioner's speedy trial claim is procedurally barred. Although the state courts acknowledged that they could have denied this claim as procedurally defaulted, the Delaware Superior Court denied the claim on the merits, and the Delaware Supreme Court affirmed. Accordingly, the Court concludes that it is appropriate to review this claim on the merits under Section 2254(d)(1). *See Harris v. Reed,* 489 U.S. 255, 262 (1989) (holding that "a federal claimant's procedural default precludes federal habeas review ... only if the last state court rendering a judgment in the case rests its judgment on the procedural default"); *Smith v. Freeman,* 892 F.2d 331, 336 (3d Cir.1989) (holding that a claim was not procedurally barred under a certain state procedural rule where the Pennsylvania courts did not rely on the rule and addressed the merits of the claim instead).

### 1. Petitioner's speedy trial claim

Petitioner was arrested on September 11, 1998, and his trial commenced on September 14, 1999. The first scheduled trial date was June 10, 1999. Prior to trial, Petitioner's counsel, a state public defender, was relieved and another public defender, Raymond Radulski, was assigned. On June 1, 1999, Mr. Radulski requested a continuance in order to become familiar with the case. The Superior Court granted the continuance, and the trial was rescheduled to a mutually convenient date for the defense and the prosecution in September 1999.

Based on the one-year between his arrest and trial, Petitioner contends his right to a speedy trial was violated. Petitioner also contends that he was unduly prejudiced by the one-year time frame from his arrest to trial, because potential witnesses

moved and could not testify at his trial.

The right to a speedy trial is guaranteed by the Sixth Amendment. *See* U.S. Const. amend. VI. The United States Supreme Court has directed courts to consider four factors when analyzing a speedy trial claim: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530 (1972). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.*

The Delaware Superior Court analyzed and denied Petitioner's speedy trial claim under *Barker,* and the Delaware Supreme Court affirmed the decision after concluding that Petitioner had not been prejudiced by the one-year time period from his arrest to trial. The Court has reviewed the record and concludes that the Delaware Supreme Court's decision was neither contrary to, nor an unreasonable application of, *Barker.* Although Petitioner filed his own *pro se* motion stating that he opposed the June 1999 continuance, which is one *Barker* factor, the Court concludes that the Delaware Supreme Court was correct when it concluded that Petitioner was not actually prejudiced by the delay. Although Petitioner's attorney was replaced on the eve of trial in June 1999, and Mr. Radulski requested a continuance to allow him sufficient time to prepare the case for trial, the trial was only delayed for three months, a period of time which benefitted Petitioner by allowing his trial counsel to become informed about the case and prepare for trial.

*5 As for Petitioner's contention that potential witnesses were unable to testify because of the delay of the trial for three months, the Court finds that, the record demonstrates that the two potential witnesses did not testify because Ms. Saunders and her family threatened them. Further, these witnesses would have testified regarding Ms. Saunders' alleged history of abusing Petitioner and did not have any information regarding the charges at issue in the trial. On this record, the Court concludes that the Delaware Supreme Court's denial of Petitioner's speedy trial claim was neither contrary to, nor an

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 5

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

unreasonable application of, *Barker*, and therefore, the Court will dismiss the speedy trial claim.

### 2. Petitioner's claim that the evidence was insufficient to establish attempted second degree unlawful sexual intercourse and the trial court erred in failing to give a jury instruction on a lesser offense

Petitioner alleges that Counts V and VI of the Indictment, charging him with attempted second degree unlawful sexual intercourse, should have been dismissed at the end of the prosecution's case for lack of sufficient evidence. Counts V and VI charge:

CECIL BROWNE ... did intentionally attempt to engage in sexual intercourse with Brenda Saunders by attempting to place his penis in her anus [and vagina] without her consent and the defendant inflicted physical injury upon the victim on the occasion of the crime which acts, under the circumstances as he believed them to be, constituted a substantial step in the course of conduct planned to culminate in the commission of Unlawful Sexual Intercourse in the Second Degree, in violation of 11 Del. C. Section 774.

Petitioner contends his conduct did not amount to a substantial step toward the commission of the offense of unlawful sexual intercourse because he did not have an erection at the time, and therefore, was incapable of performing intercourse.

The United States Supreme Court precedent governing Petitioner's insufficient evidence claim is *Jackson v. Virginia*, 443 U.S. 307 (1979). Pursuant to *Jackson*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

To prove attempted unlawful sexual intercourse in the second degree, the prosecution had to establish that Petitioner attempted to intentionally engage in sexual intercourse with Ms. Saunders without her consent and that he inflicted physical, mental, or emotional injury upon her. *See* 11 Del. C. Ann. §

774(1)(a)(Repealed 1998). "A person is guilty of an attempt to commit a crime if the person: (2) intentionally does nor omits to do anything which, under the circumstances as the person believes them to be, is a substantial step in a course of conduct planned to culminate in the commission of the crime by the person." 11 Del. C. Ann. § 531(2). The term "substantial step" is defined as "an act or omission which leaves no reasonable doubt as to the defendant's intention to commit the crime which the defendant is charged with attempting." 11 Del. C. Ann. § 532.

**\*6** At trial, Ms. Saunders testified that, after the second episode of oral sex, Petitioner "flipped [her] over and tried to put his penis in [her] rectum." (D.I. 14, State's Ans. Br. in *Browne v. State*, No.598,1999, at 13.) She also testified that Petitioner "was trying to force his penis into [her] vagina" and that "he was applying pressure with his penis." *Id.* at 13-14. Ms Saunders further testified that "[h]e was really trying to-it wasn't erect, so he was almost like trying to stuff it into my vagina." *Id.* Finally, at the conclusion of her testimony, Ms. Saunders stated that she did not consent to any of the sexual acts that occurred on September 4, 1998.

Ms. Saunders also described how Petitioner repeatedly hit her on the top of her head, flipped her, and spanked her on the buttocks. Annette Carter, Ms. Saunders's sister, testified that the following day she observed bruises on her sister's right shoulder, legs, and buttocks.

In light of Ms. Saunders's testimony, the Court concludes that, even though Petitioner testified that he and Ms. Saunders engaged in consensual sexual acts, Ms. Saunders's testimony was sufficient to enable the jury to conclude that Petitioner attempted to perform non-consensual vaginal and anal intercourse with her and that he injured her. *See Paullet v. Howard*, 634 F.2d 117, 118 (3d Cir.1980) (noting that, when there are inconsistencies between the defendant's and prosecuting witness' testimonies, the resolution of the case depends upon the jury's findings on credibility). Thus, the Court concludes that the Delaware Supreme Court's denial of Petitioner's insufficient evidence claim was neither contrary to, nor an unreasonable application

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 6

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

of, *Jackson*.

In a related claim, Petitioner challenges the refusal of the trial judge to instruct the jury on third degree unlawful sexual contact as a lesser included offense of the two charges of attempted second degree unlawful sexual intercourse. Respondents contend that the Delaware Supreme Court's decision was neither contrary to, nor an unreasonable application of, Supreme Court precedent because there is no clearly established federal law requiring a jury instruction on lesser-included offenses in non-capital cases. (D.I. 20, at 22.)

In *Beck v. Alabama*, 447 U.S. 625, 638 (1980), the Supreme Court held that due process requires a court to give a jury instruction on lesser included offenses in capital cases when it is supported by the evidence. However, in *Beck*, and thereafter in *Schad v. Arizona*, 501 U.S. 624 (1991), the Supreme Court left open the question as to whether *Beck* should apply to jury instructions in non-capital cases; however, the Third Circuit has extended *Beck* to non-capital cases. *See, e.g., Kontakis v. Beyer*, 19 F.3d 110, 119 & n. 14 (3d Cir.1994); *Vujosevic v. Rafferty*, 844 F.2d 1023, 1027 (3d Cir.1988)(citing cases); D. Hall, *The "Third Option": Extending the Lesser Included Offense Doctrine to the Non-Capital Context*, 29 Hofstra L.Rev. 1333, 1350-59 (2001).

*7 The Court concludes that based on the evidence adduced at Petitioner's trial, a jury instruction on unlawful sexual contact in the third degree was not required. At the time of Petitioner's arrest, under Delaware law, unlawful sexual intercourse in the second degree involved non-consensual sexual intercourse combined with physical, emotional, or mental injury to the victim, and third degree unlawful sexual intercourse involved non-consensual sexual intercourse without injury. *See* 11 Del. C. Ann. §§ 773, 774 (repealed 1998). In contrast, unlawful sexual contact in the third degree involved a person having sexual contact with another person or causing the victim to have sexual contact with the person or a third person and with the knowledge that the contact is either offensive to the victim or occurs without the victim's consent. 11 Del. C. Ann. § 767.

Further, Delaware law provided that "sexual intercourse" included any act of fellatio or cunnilingus regardless of whether penetration [FN5] occurs, as well as "any act of physical union of the genitalia or anus of [one] person with the mouth, anus, or genitalia of another person. It occurs upon any penetration, however slight." 11 Del. C. Ann. § 761(e). In contrast, allegations of "sexual contact" included the intentional touching of another person's anus, breasts, buttocks, or genitalia, as well as the intentional touching of another person with his or her anus, breast, buttocks or genitalia. 11 Del. C. Ann. § 761(f).

> FN5. Penetration includes placing genitalia or any sexual device inside the mouth of another person. 11 Del. C. Ann. § 761(g).

The Superior Court trial judge denied Petitioner's request for an instruction on third degree unlawful sexual contact after determining that the evidence established either consensual sexual intercourse, which would warrant an acquittal, or non-consensual sexual intercourse or attempted non-consensual sexual intercourse, which would warrant a conviction for second degree unlawful sexual intercourse or attempted second degree unlawful sexual intercourse. [FN6] The trial judge concluded that there was no evidence upon which the jury could rationally acquit Petitioner of second degree unlawful sexual intercourse or attempted second degree unlawful sexual intercourse, but convict him of unlawful sexual contact. (D.I. 14, App. to State's Brief in *Browne v. State*, No. 598, 1999, at B-28 to B-29.)

> FN6. Ms. Saunders testified that Petitioner's penis was not erect.

During the trial, Petitioner testified that he and Ms. Saunders "got on the bed and ... just started having sex on this, just regular old sex." *Id.* at B-26. With the element of sexual intercourse established, or at least attempted sexual intercourse, the Court concludes that the Superior Court's denial of the request for a lesser included offense instruction by the trial judge was reasonable. Accordingly, the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 7

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Court concludes that Petitioner's claim based on the Superior Court's refusal to charge the jury on unlawful sexual contact does not warrant federal habeas relief.

### 3. Petitioner's ineffective assistance of counsel claims

To prevail on his ineffective assistance of counsel claims, Petitioner must satisfy the two-pronged standard enunciated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984) and demonstrate that: 1) counsel's performance fell below an objective standard of reasonableness; and 2) counsel's deficient performance prejudiced the petitioner's defense; in other words, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687-88, 692-94; *See Wiggins v. Smith,* 539 U.S. 510 (2003). When applying the *Strickland* standard, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

#### a. Conflict of interest

**\*8** Approximately one week before the originally scheduled trial date, in June 1999, Raymond Radulski was substituted as Petitioner's counsel, replacing Diane Clark-Streett. Both attorneys were employed by the State Office of the Public Defender. Petitioner contends that Mr. Radulski had a conflict of interest which prevented him from raising the issue of Ms. Streett's deficiencies to the trial court or to the Delaware Supreme Court on direct appeal. Specifically, Petitioner contends that Mr. Radulski was trying to "protect" Ms. Streett. Although Petitioner presents this claim in the context of a "conflict of interest," the Court will treat it as an ineffective assistance of counsel claim.

It is well-established that an attorney does not provide ineffective assistance by failing to raise improper or meritless claims. *See Werts v. Vaughn,* 228 F.3d 178, 203 (3d Cir.2000). In the state courts

of Delaware, ineffective assistance of counsel claims are properly raised in a Rule 61 motion for post-conviction relief, not during a trial or on direct appeal. *See Thomas v. Carroll,* 2004 WL 758344, at *5 (D.Del. Jan. 30, 2004); *Desmond v. State,* 654 A.2d 821, 829 (Del.1994)(collecting cases). Thus, the Court concludes that any "failure" to raise the issue of the ineffectiveness of Ms. Streett's representation during trial or on direct appeal does not support an ineffective assistance of counsel claim under *Strickland*'s first prong.

Additionally, the Court concludes that Petitioner remedied any failure to present this claim by raising it to the Delaware Superior Court in his Rule 61 motion. Accordingly, the Court concludes that Petitioner cannot establish prejudice under *Strickland,* and therefore, the Court concludes Petitioner's claim of ineffective assistance of counsel based on a "conflict of interest" argument does not warrant federal habeas relief under § 2254(d)(1).

#### b. Failure to investigate the case

Petitioner next contends that both attorneys who represented him failed to investigate a list of potential witnesses who would have testified that Ms. Saunders was the "real abuser" in the relationship, and he was the victim. (D.I. 1, at p. 52.) To succeed on claim alleging a failure of counsel to investigate potential witnesses, Petitioner must show how their testimony would have been favorable and material. *See United States v. Gray,* 878 F.2d 702, 711 (3d Cir.1989); *United States v. Valenzuela-Bernal,* 458 U.S. 858, 867 (1982). Petitioner does not contend that any of the noted witnesses could have testified as to the events of September 4, 1998, but rather, Petitioner asserts that the witnesses would have testified as to prior bad acts of Ms. Saunders and various attacks on her character. Respondents contend that this type of testimony would have been inadmissible under Delaware Rule of Evidence 608(b). *See* Del. R. Evid. 608(b); *Weber v. State,* 457 A.2d 674, 680 (Del.1983) ("The limitation created by Rule 608(b) is designed to avoid minitrials into the bad acts of witnesses which would require the use of extrinsic

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 8

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

evidence to prove such acts."). Because the Court agrees that the testimony identified by Plaintiff would have been inadmissible under Rule 608(b) and irrelevant to the events that occurred on September 4, 1998, the Court concludes that the proffered testimony would have not have been material to Petitioner's defense, and therefore, the Court concludes that the Delaware Supreme Court reasonably applied *Strickland* to deny Petitioner's ineffective assistance of counsel claim.

### c. Failure to raise a speedy trial claim

**\*9** Petitioner also contends that his attorneys were ineffective for failing to file a speedy trial motion. Because the Court has previously concluded that Petitioner's speedy trial claim is meritless, the Court concludes that neither attorney provided ineffective assistance by failing to raise this non-meritorious claim. Therefore, the Court concludes that the Delaware Supreme Court reasonably applied *Strickland* to deny Petitioner's ineffective assistance of counsel claim.

### d. Failure to challenge the September 1998 indictment as illegal

Petitioner next contends that both his attorneys should have challenged his October 1998 indictment as being illegal. Specifically, Petitioner contends that he was indicted on a charge of aggravated menacing, even though he was never arrested for that offense. Under Delaware law, Petitioner's prosecution for aggravated menacing could be initiated by indictment or complaint. *See Turner v. State,* 812 A.2d 900 (Table), 2002 WL 31796224, at \*1 n. 4 (Del. Dec. 13, 2002). Thus, the Court concludes that any challenge to the indictment by Petitioner on these grounds would have been meritless, and therefore, neither of Petitioner's attorneys provided ineffective assistance by failing to raise this non-meritorious objection to the indictment. Accordingly the Court concludes that the Delaware Supreme Court reasonably applied *Strickland* to deny Petitioner's ineffective assistance of counsel claim.

### e. Failure to object to or move for a mistrial due to the Superior Court's reaction to two jury notes

During its deliberations, the jury sent the Superior Court judge two notes. The first note requested certain portions of Petitioner's testimony regarding what happened in the kitchen and dining room to be read back to the jury. The second note asked how long the jury needed to deliberate before it would be declared a hung jury. Petitioner contends that his trial counsel provided ineffective assistance by failing to object to the Superior Court's denial of the first request, and by failing to object to the court's slow response to the hung jury question.

"A trial court has broad discretion in deciding whether to accede to a jury's request for a reading of testimony." *U.S. v. Bertoli,* 40 F.3d 1384, 1401 (3d Cir.1994)(citing *United States v. Zarintash,* 736 F.2d 66, 69-70 (3d Cir.1984)). Courts have recognized two legitimate reasons for denying a jury request for the read back of testimony: a jury may give undue weight to the portion of testimony read back to it, and requiring a court reporter to produce written transcripts would cause substantial delay to the orderly administration of the trial. *Taylor v. State,* 685 A.2d 349, 350 (Del.1996) (citing *United States v. Rabb,* 453 F.2d 1012, 1013-14 (3d Cir.1971).

In Petitioner's case, there is no indication that any court reporter notes were ready at the time of the jury request. Further, the jury requested Petitioner's testimony regarding the acts that occurred in the kitchen and dining room. Petitioner and Ms. Saunders both described the act of fellatio that occurred in the dining room while Petitioner was holding a knife. Their testimonies differed, however, on the issue of consent, and on how Petitioner obtained the knife and whether or not he was threatening to use the knife. Given the fact that Petitioner was acquitted of the weapons charge, and that the jury did not find him guilty of first degree unlawful sexual intercourse (which involves the use of a deadly weapon), the Court concludes that Petitioner was not prejudiced by any failure of trial counsel to object to the Superior Court's denial of the jury's transcript request.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                              Page 9

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**\*10** With respect to Petitioner's contention regarding the jury's second note, a judge may properly instruct a deadlocked jury to continue deliberations and attempt to arrive at a verdict. *Government of Virgin Islands v. Gereau,* 502 F.2d 914, 936 (3d Cir.1974). In Petitioner's case, after sending the note to the judge, the jury continued to deliberate and eventually returned a verdict acquitting Petitioner of multiple charges and finding him guilty of lesser-included offenses of the remaining charges. In these circumstances, the Court cannot conclude that Petitioner was prejudiced by the trial court's treatment of the jury's second note, and therefore, the Court concludes that the Delaware Supreme Court reasonably applied *Strickland* to deny Petitioner's claims.

#### f. Failure to prevent the introduction of Petitioner's September 1998 statements to the police

Upon his arrest in September 1998, the police videotaped the reading of Petitioner's rights under *Miranda v. Arizona,* 384 U.S. 436 (1966) and his confession, in which he admitted having sexual relations with Ms. Saunders and corroborated some of Ms. Saunders' other allegations. Petitioner contends that his confession was illegally obtained because he did not know that he was being videotaped, and therefore, the failure of his pre-trial counsel to file a timely motion to suppress the videotaped confession constituted ineffective assistance. Petitioner also contends that his trial counsel should have raised this issue on appeal.

The Court concludes that Petitioner cannot demonstrate ineffective assistance of counsel under the *Strickland* standard based on any failure by his attorneys to file a motion to suppress as suggested by Petitioner. The fact that Petitioner may have been unaware that his confession was being videotaped does not warrant suppression of his statement where, as here, he was properly Mirandized and his statement was voluntarily given.

As for Petitioner's contention that certain letters he wrote to Ms. Saunders were illegally admitted into evidence and his counsel should have objected to their admission and raised this issue on appeal, the

Court likewise concludes that Petitioner has not demonstrated that his attorneys were ineffective for not doing what Petitioner suggests. The letters were not obtained from Petitioner, but given to the authorities by Ms. Saunders. The letters were clearly relevant to the charges of noncompliance with bond conditions, and therefore, the Court concludes that there was no legal basis for Petitioner's attorneys to challenge their admission into evidence. Further, the Court concludes that Petitioner cannot satisfy the prejudice prong of the *Strickland* standard, because he was acquitted of the two charges of noncompliance with bail conditions which were premised on the letters he sent to Ms. Saunders. Accordingly, the Court concludes that Petitioner's attorneys did not provide ineffective assistance of counsel, and the Delaware Supreme Court reasonably applied *Strickland* to deny Petitioner's ineffective assistance of counsel claim.

#### g. Failure to object to the admission of his December 1998 statement to the police

**\*11** Petitioner's final allegation of ineffective assistance of counsel stems from his December 1998 arrest for noncompliance with bond conditions. Petitioner contends that because his pretrial counsel was representing him since September 1998, she should have been present when the police questioned him regarding his December 1998 arrest. Petitioner contends that both his attorneys were ineffective for failing to object to the December 1998 police questioning of Petitioner without the presence of his attorney.

The Supreme Court has recognized that "[t]he Sixth Amendment right [to counsel] is offense specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal-whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *McNeil v. Wisconsin,* 501 U.S. 171, 175 (1991); *see Texas v.. Cobb,* 532 U.S. 162 (2001). In this case, the Court finds no indication in the record that Petitioner invoked his right to counsel under *Miranda v. Arizona,* 384 U.S. 436 (1966) during his December 1998 arrest and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 10

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

the booking procedures that followed. Thus, his representation by his pre-trial counsel for the October 1998 sex offense charges did not extend to his arrest for the noncompliance of bond charges. Accordingly, the Court concludes that neither of Petitioner's attorneys were ineffective for failing to raise this issue, and therefore, the Delaware Supreme Court appropriately applied *Strickland* to deny Petitioner relief.

### C. *Claims Procedurally Barred In The State Court*

In his post-conviction appeal, Petitioner presented to the Delaware Supreme Court his claims that: (1) his confession was improperly admitted into evidence, (2) his October 1998 and March 1999 indictments were illegally joined, (3) the Superior Court erred in failing to grant a mistrial after the jury submitted notes after its deliberations, and (4) his sentence is illegal under *Blakely* and Delaware's Truth-In-Sentencing Guidelines. The Delaware Supreme Court concluded that Petitioner's claims were procedurally defaulted under Rule 61(i)(3) and (4) and denied Petitioner relief.

Superior Court Rule 61 constitutes an independent and adequate state procedural ground precluding federal habeas review absent a showing of cause for, and prejudice resulting from, the procedural default. *Maxion v. Snyder,* 2001 WL 848601, at *10 (D.Del. July 27, 2001). To demonstrate cause for a procedural default, Petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule ." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, Petitioner must show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

**\*12** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards,* 529 U.S. at 451; *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception

applies only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). To establish actual innocence, a petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 326 (1995); *Werts,* 228 F.3d at 193.

#### 1. Claim for improper admission of videotaped confession and claim that the trial court erred in failing to declare a mistrial

Petitioner asserts ineffective assistance of counsel as cause for procedurally defaulting his claim that his videotaped confession was improperly admitted into evidence and his claim that the trial court erred in failing to declare a mistrial. Ineffective assistance of counsel may constitute cause for a procedural default, but only if counsel's deficiencies rise to the level of an independent Sixth Amendment violation. *Coleman,* 501 U.S. at 745; *Edwards v. Carpenter,* 529 U.S. 446, 451-52 (2000); *Murray v. Carrier,* 477 U.S. 478, 488-89 (an allegation of constitutionally ineffective assistance of counsel as cause for a procedural default in state court must itself be independently exhausted). The Court has previously concluded that neither of Petitioner's attorneys provided constitutionally ineffective assistance of counsel. Accordingly, the Court concludes that Petitioner has failed to establish cause for his procedural default, and therefore, the Court need not discuss prejudice.

In addition, the Court concludes that Petitioner has made no colorable claim of actual innocence, and therefore, Petitioner cannot establish that a miscarriage of justice will occur if the Court does not review the merits of his claims. Because federal habeas review of Petitioner's claim is procedurally barred, the Court will dismiss the claim.

#### 2. Claim for illegally joined indictments

In October 1998, Petitioner was indicted on seven

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 11

charges: five unlawful sexual intercourse offenses, possession of a deadly weapon during the commission of a felony offense, and aggravated menacing. Petitioner was indicted on two additional charges for noncompliance with conditions of bond in December 1998. The two indictments were joined upon the prosecutor's motion in May 1999. Petitioner contends that the joinder of the two separate indictments was illegal.

During Petitioner's direct appeal, he challenged two counts of the May 1999 indictment charging him with unlawful sexual intercourse in the second degree. In his Rule 61 motion, and on post-conviction appeal, Petitioner challenged the May 1999 indictment on the ground that joining the October 1998 indictment and the March 1999 indictment was illegal. On post-conviction appeal, the Delaware Supreme Court denied the claim as procedurally defaulted under Rule 61(i)(4) because Petitioner should have raised the claim when he challenged the indictment on direct appeal.

*13 After reviewing the record, the Court concludes that Petitioner has not demonstrated cause and prejudice excusing his procedural default. First, Petitioner does not assert that any external factor prevented him from presenting this issue to the Delaware Supreme Court during his direct appeal. Second, Petitioner cannot demonstrate prejudice because he was acquitted on the two charges of noncompliance with bond. In addition, Petitioner has not shown that a miscarriage of justice will result if the Court declines to examine the merits of his claim. Accordingly, the Court concludes that federal habeas review of Petitioner's claim is procedurally barred, and therefore, the Court will dismiss Petitioner's claim.

### 3. Claim for illegal sentencing under *Blakely* and Delaware's Truth-In-Sentencing Guidelines

Petitioner next contends that his sentence is illegal because it exceeds the limit imposed by Delaware's Truth-in-Sentencing Guidelines ("TIS") and violates *Blakely v. Washington,* 542 U.S. 296 (2004). Petitioner does not assert any cause for his failure to raise this claim in his direct appeal. The Court

acknowledges that Petitioner's citation to *Blakely* may be an attempt to demonstrate cause because *Blakley* was decided after his trial and direct appeal. However, the Delaware Supreme Court has held that *Blakely* does not apply to Delaware's sentencing system. *Benge v. State,* 862 A.2d 385 (Table), 2004 WL 2742431, at *1 (Del. Nov. 12, 2004) (*"Blakely* does not impact Delaware's sentencing scheme because the SENTAC guidelines are voluntary and non-binding."). Further, *Blakely* does not apply retroactively to cases that became final on direct review prior to its issuance. *See Lloyd v. United States,* 407 F.3d 608, 613-15 (3d Cir.2005) (holding that *United States v. Booker,* 543 U.S. 220 (2005), which applied the *Blakely* rule to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review). Thus, the Court concludes that Petitioner has failed to demonstrate cause justifying his procedural default, and therefore, the Court need not consider whether Petitioner has established prejudice. In addition, the Court concludes that Petitioner has not alleged a colorable claim of innocence, and therefore, a miscarriage of justice will not result if the Court declines to review the merits of his claim. Accordingly, the Court concludes that federal habeas review of Petitioner's claim is procedurally barred, and therefore, the Court will dismiss Petitioner's claim.

### IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would debate: (1) whether the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                          Page 12

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

**\*14** The Court has concluded that the claims in Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 are either procedurally barred, noncognizable, or do not warrant relief under § 2254(d)(1). The Court is persuaded that reasonable jurists would not find these conclusions to be debatable, and therefore, the Court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be dismissed and the relief requested therein will be denied. In addition, his " Motion to Appoint Counsel and for an Evidentiary Hearing" will be denied as moot. (D.I.24.)

An appropriate Order will be entered.

### ORDER

At Wilmington, this *24* day of January, 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Cecil Browne's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (D.I.1) is *DISMISSED,* and the relief requested therein is *DENIED.*

2. Petitioner's Motion for Appointment of Counsel and Evidentiary Hearing (D.I.24) is *DENIED* as moot.

3. The Court declines to issue a certificate of appealability, because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2006.
Browne v. Carroll

Not Reported in F.Supp.2d, 2006 WL 167549 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:04cv00870 (Docket) (Jul. 15, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I electronically filed an answer to a habeas

petition with the Clerk of Court using CM/ECF.  I also hereby certify that on November 28,

2006, I have mailed by United States Service, two copies of the same document to the following

non-registered participant:

Mona L. Harrison
SBI No. 00199337
Baylor Women's Correctional Institution
660 Baylor Boulevard
New Castle, DE 19720

/s/James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
James.Wakley@state.de.us

DATE: November 27, 2006