Office of the Clerk                                  December 5, 2006
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

                        Dear Clerk,         06-434 (GMS)

    Enclosed you will find a copy of the brief I had written to Superior Court and Supreme Court. I thought I had sent a copy but was unsure. So to cover myself I wanted to send this one. I put the case No. on it and the Judges initials.
    I thank you for your help in this matter.

                                      Sincerely,
                                      Mona Harrison

FILED
DEC -7 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BP scanned

In The Supreme Court of The State of Delaware

Mona Harrison
Defendant Below
Appellant
v.

No. 107, 2006

State of Delaware
Plaintiff Below
Appellee.



FILED
DEC -7 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

This would be an answering brief for the motion to affirm from Ms. Kim Ayvazian and for Superior Court. As stated in the motion to affirm, on December 18, 1987 Ms. Harrison entered a guilty plea to a lesser offense, of second-degree Murder. The plea in which her Rule 61 is based. The guilty plea in which she is claiming coercion form her then legal counsel T Henely Graves. Counsel stated to Ms. Harrison to take the plea and that the court does not want to pay for the cost of a trial. As stated in the opening brief, Ms. Harrison feels taken advantage of due to her age and lack of legal knowledge. A very vulnerable, young and naïve individual. Suffering from stress and duress.

As stated in the motion, Ms. Harrison moved for a post-conviction relief on January 5, 2006 and was denied on February 6, 2006. The Superior Court stated that the claim is time-barred unless one of the exceptions in Rule 61 (i) (5) applies. In other words, it has to be a substantial constitutional violation amounting to a miscarriage of justice, Id. Ms. Harrison feels she has stated that in her opening brief – a "substantial constitutional violation amounting to a miscarriage of justice." By her being taken advantage of and her counsel being ineffective at the time of her court proceedings.

It was stated, that because Ms. Harrison did not appeal from the conviction, her conviction became final in April 1988, after the passage of 30 days following sentencing. The Superior Court itself stated, "a motion for reduction of sentence must be filed within 90 days after the sentence is imposed. Super. Ct-Crim R. 35(b) Defendant did in fact file a timely motion for modification of sentence by letter dated May 24, 1988." So therefore, Ms. Harrison did in fact file in a timely manner for a sentence reduction on her own. Ms. Harrison was never informed by her legal counsel, as to any other options for relief from her sentence. Ms. Harrison was told to take a guilty plea for a 2nd degree Murder, which entailed a life sentence. Told that she was guilty of murder because she knew of the robbery.

Ms. Harrison feels that because of Judge Stokes being a co-worker and friend of the now Judge T. Henely Graves, that her Rule 61 was not looked at un-biasly.

The Superior Court stated, "with regard to the actual prejudice aspect," (d) defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. "Strickland v. Washington, 466 U.S. at 694. As stated, Ms. Harrison had no intentions of harming the victim. That she took no physical part in the crime and that it was so stated that, Ms. Harrison was not at the scene of the crime as was one of her co-defendant Mr. Melvin Ward. The court papers sent to me have him named as the one who shot the victim but, that is incorrect. Mr. Ward wasn't the one, Mr. Hammond was. Mr. Ward did not take part in the crime itself either as for Ms. Harrison. Mr. Ward who did not give in to pressures of taking a plea, received a seventeen (17) year sentence for his role in the incident. Mr. Ward was at the scene near the house, Ms. Harrison was in the car about one half mile away from the scene. Noting that, if in fact Ms. Harrison wasn't coerced into taking her plea, the proceeding would of most definitely turned out differently. (Ward v. State)

The Superior Court states that the guilty plea was knowingly and voluntary. Ms. Harrison states that her counsel told her to take it. That she would still be young when she got out. It was, what was best for her and for Mr. Smith – which of course, Judge T. Henely Graves in fact represented both individuals, at the same time. The state has not been able to prove that counsel for Ms. Harrison, did in fact work effectively and in the best interest of Ms. Harrison. Just as they stated her rule 61 claim is barred due to time-bar, however Ms. Harrison feels she has proved a miscarriage of justice, which would remove the time-bar and allow the Rule 61 to stand. There are conflicting statements form the Superior Court Judge Stokes and the Deputy Attorney General, which Ms. Harrison has shown. Therefore Ms. Harrison moves to have her guilty plea overturned. That she has suffered a huge loss over the last nineteen (19) years. One that continues to follow and haunt her. Ms. Harrison prays on the court to get a fir hearing and for the Supreme Court to carefully read all statements from herself, Superior Court and D. A Ms. Ayvazian. She would like to put it all behind her and move away to another state with her soon to be husband. Ms. Harrison also asks the court to listen only to what pertains to the case itself. The judgment should therefore be overturned.


Mona Harrison
D.J.B.W.C.I.
660 Baylor Blvd.
New Castle, DE 19720

Ms. Mona Harrison
600 Baylor Blvd.
New Castle De. 19720

WILMINGTON DE 197
06 DEC 2006 PM 1 L

Office of the Clerk
United States District Court
844 N. King Street, Lock box 18
Wilmington, De. 19801- 3570