## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONA LISA HARRISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No.06-434-GMS |
| | ) | |
| PATRICK RYAN,  Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents.[1] | ) | |

---

Mona Lisa Harrison.  *Pro se* petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

---

### MEMORANDUM OPINION

Sept 23 , 2008
Wilmington, Delaware

---

[1]Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).



Steel, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner Mona Lisa Harrison ("Harrison"). (D.I. 2.) For the reasons

discussed, the court will deny the petition as time-barred by the one-year limitations period

prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 1987, a Delaware grand jury indicted Harrison and four other individuals for first

degree murder, attempted first degree robbery, first degree conspiracy, two counts of possession

of a deadly weapon during the commission of a felony, and possession of a destructive weapon.

(D.I. 26.) These charges stemmed from the from the June 1987 shooting and killing of William

A. Hastings during the course of a robbery. In December 1987, Harrison pled guilty to murder in

the second degree, in exchange for which the State agreed to dismiss the remaining the charges.

The Superior Court sentenced Harrison in March 1988 to life imprisonment with the possibility

of parole. Harrison did not appeal her conviction or sentence. (D.I. 15.) Rather, on May 26,

1988, Harrison filed a letter requesting a sentence reduction. (D.I. 26, Del. Super. Ct. Dkt. Entry

No. 39.) The Superior Court denied that request on the same day, explaining that Harrison had

received a mandatory sentence. *Id.* at No. 40.

Harrison filed four motions to modify her sentence between June and August 2000. The

Superior Court denied the motions, explaining that Harrison had received a mandatory sentence.

(D.I. 26, Del. Super. Ct. Crim. Dkt. Entry Nos. 20-25.) On January 5, 2006, Harrison filed a

motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61,

asserting four ineffective assistance of counsel claims. The Superior Court denied the Rule 61

1

motion as time-barred and also as meritless, and the Delaware Supreme Court affirmed the

Superior Court's decision. *See Harrison v. State*, 2006 WL 1881671 (Del. July 6, 2006).

Harrison's federal habeas petition, dated July 9, 2006, and her amended petition, filed

August 15, 2006, assert four ineffective assistance of counsel claims. Specifically, Harrison

contends that defense counsel provided ineffective assistance by: (1) telling her to enter a guilty

plea because a jury would convict her of first degree murder due to her knowledge of the

robbery; (2) incorrectly telling Harrison she would still be young when released from prison if

she entered a guilty plea; (3) unlawfully inducing Harrison to enter a guilty plea when she was

young, naive, and suffering from psychological trauma; and (4) failing to advise Harrison about

the various methods for seeking a sentence reduction or post-conviction relief. (D.I. 2.) The

State filed an answer, arguing that the petition should be dismissed as time-barred. (D.I. 15.) As

explained below, the court will deny Harrison's habeas petition as time-barred.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date

must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320,

336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas

petitions by state prisoners, which begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in
violation of the Constitution or laws of the United States is removed, if the applicant was

2

prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Harrison's petition, dated July 9, 2006, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Harrison does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B) or (C). However, in a letter titled "Probable Cause to Appeal," Harrison asks the court to issue a "certificate for probable cause to appeal" based on the Delaware Supreme Court decision *Chao v. State*, 931 A.2d 1000 (Del. 2007). (D.I. 36.) In *Chao*, the Delaware Supreme Court held that its redefinition of the felony murder statute rendered in *Williams v. State*, 818 A.2d 906 (Del. 2003) applies retroactively. (D.I. 36.) According to Harrison, she cannot be guilty of second degree felony murder under *Chao's* (and *Williams*') redefinition of felony murder because she did not intend a murder to occur and did not intend for the murder to help the robbery move forward.

Considering that *Chao* was decided on June 20, 2007, a liberal construction of Harrison's letter indicates that she may be attempting to argue that the limitations period did not begin to run until June 20,2007 under § 2244(d)(1)(D). The court rejects this argument, however, because *Chao* was not a decision issued in petitioner's own litigation history.[2] *See Johnson v. United*

---

[2]Additionally, to the extent Harrison's letter should be construed as an attempt to add an actual innocence argument as an independent claim to her petition, the court denies the amendment; the claim asserts an entirely new issue unrelated to the claims asserted in her original petition, and as explained in the text of the opinion, the petition is time-barred. Fed. R.

3

*States,* 544 U.S. 295(2005)(holding that a notice of order vacating a federal prisoner's prior state conviction used to enhance federal sentence triggers one year limitations period under AEDPA, provided petitioner has shown due diligence in seeking the order); *Shannon v. Newland,* 410 F.3d 1083, 188 (9th Cir. 2005)(explaining that a state court decision clarifying or re-defining state law does not trigger § 2244(d)(1)(D) unless the petitioner was party to that case.). Accordingly, the one-year period of limitations began to run when Harrison's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Harrison on March 31, 1998, and she did not appeal. Thus, her conviction became final on April 30, 1988, after the thirty-day period to appeal expired. *See, e.g, Lindsey v. Carroll,* 421 F. Supp. 2d 806, 809 (D. Del. 2006).

However, because Harrison's conviction became final prior to AEDPA's effective date of April 24,1996, she had a one-year grace period to timely file her habeas petition, thereby extending the filing period through April 23, 1997.[3] *See McAleese v. Brennan,* 483 F.3d 206,

Civ. P. R. 15(c); *Mayle v. Felix,* 545 U.S. 644, 656 (2005); *U.S. v. Thomas,* 221 F.3d 430, 436-37 (3d Cir. 2000).

[3]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas,* 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present

213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004); *Burns v. Morton*, 134

F.3d 109, 111 (3d Cir. 1998). Harrison did not file her habeas petition until July 9, 2006,[4] more

than nine years after AEDPA's statute of limitations expired. Thus, the petition is time-barred,

unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d

153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim" will toll AEDPA's one-year

limitations period during the time the collateral proceeding is pending in state court, including

any post-conviction appeals, provided that the application for collateral review is filed prior to

the expiration of AEDPA's one-year period. *See* 28 U.S.C. § 2244(d)(2); *Swartz v. Meyers*, 204

F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23,

2002)(explaining that  a properly filed Rule 61 motion will only toll  the limitations period if it

was filed and pending before the expiration of the AEDPA's limitations period). Here, Harrison

filed her motions for modification of sentence in 2000, approximately two years after the

expiration of AEDPA's limitations period. In turn, Harrison did not file her Rule 61 motion until

---

situation, however, Harrison filed her petition well-past either cut-off date, rendering the one-day
difference immaterial.

[4]A prisoner's *pro se* habeas petition is deemed filed on the date she delivers it to prison
officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir.
2003)(the date on which a prisoner transmitted documents to prison authorities is to be
considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The court
adopts the date on the petition, July 9, 2006, as the filing date, because presumably, Harrison
could not have presented the petition to prison officials for mailing any earlier than that date.
*See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

2006, more than nine years after the expiration of AEDPA's limitations period. Therefore, none of Harrison's state motions for collateral review have any statutory tolling effect.[5]

## C. Equitable Tolling

AEDPA's limitations period may also be tolled for equitable reasons "only when the principle of equity would make the rigid application of a limitation period unfair." *Fahy v. Horn*, 249 F.3d 239, 244 (3d Cir. 2000). In order to trigger equitable tolling, a petitioner must demonstrate that she "exercised reasonable diligence in investigating and bringing [the] claims" and that she was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting her rights; or
(3) where the plaintiff timely asserted her rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

A petitioner's obligation to diligently pursue her claims applies to the exhaustion of state remedies as well as to the filing of the federal habeas petition. *See LaCava v. Kyler*, 398 F.3d

---

[5]Harrison filed a letter motion for reduction of sentence on May 26, 1988, which the Superior Court denied on the same day. Although Harrison did not appeal that decision, the 30-day period for filing a timely notice of appeal would be included in any statutory tolling period. Nevertheless, even presuming that this letter motion triggers the statutory tolling provision, the 31 days of tolling would not render the petition timely filed.

271, 277 (3d Cir. 2005). In this case, Harrison has failed to show that she exercised diligence in either respect. For example, Harrison was sentenced in 1988, yet she did not file her motions for state collateral review until 2000 and 2006. Harrison also waited until 2006 to file the instant petition. Although Harrison asserts that counsel failed to inform her in 1987-1988 about her federal and state post-conviction rights, Harrison fails to explain how this alleged failure in 1987 *prevented* her from filing the motions for modification of sentence in the state courts for approximately 13 years and from filing the instant petition for 19 years. (D.I. 23.) To the extent Harrison's late filing in this court can be attributed to some computation error, such a mistake does not warrant equitably tolling the limitations period. *See LaCava*, 398 F.3d at 276 ("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes).

Harrison also attempts to establish that counsel's failure to inform her about her federal habeas rights constitutes an extraordinary circumstance. However, Harrison's conclusory and unsupported statement regarding counsel's alleged failure does not constitute the type of "egregious behavior" or malfeasance necessary to trigger equitable tolling. *See Schlueter*, 384 F.3d at 77.

Finally, the court liberally construes Harrison's letter regarding *Chao* and *Williams* as presenting an argument that the limitations period should be equitably tolled because Harrison is "actually innocent" of second degree felony murder. In *Williams*, the Delaware Supreme Court

7

redefined the phrase "in furtherance of" contained in the first degree felony murder statute (Del. Code Ann. tit. 11, § 636(a)(2)) to require that the defendant or his accomplices committed the murder in the course of a felony and that the defendant or his accomplices intended the murder to help the felony progress. *Williams*, 818 A.2d at 913. At the time of Harrison's conviction, the first and second degree felony murder statutes contained the same "in furtherance of" phrase that formed the basis of the Delaware Supreme Court's decision in *Williams*. *See* Del. Code Ann. tit. 11, §§ 635 and 636(a)(2)(1987). Consequently, the court construes Harrison's argument as asserting "actual innocence" because the basic issue presented is whether Harrison's conduct satisfies the newly defined, and retroactively applied, "in furtherance of" element of second degree felony murder. In other words, presuming the applicability of *Williams* to a second degree felony murder conviction, if Harrison's conduct does not satisfy the "in furtherance of" element of second degree felony murder, then, in effect, she would be "actually innocent" of that crime.[6] *See, e.g., Black v. Dist. Atty. of Philadelphia*, 246 Fed. Appx. 795 (3d Cir. Sept. 7, 2007); *Batriz Gradez v. Gonzales*, 490 F.3d 1206, 1210 (10th Cir. 2007.).

In two recent non-precedential opinions, the Third Circuit held that AEDPA's one-year filing period may be equitably tolled when the petitioner presents a viable claim of actual innocence, provided that the petitioner also exercised reasonable diligence in pursuing the actual innocence claim. *See Black v. Dist. Atty. of Philadelphia*, 246 Fed. Appx. 795 (3d Cir. Sept. 7,

---

[6]Although *Williams* involved the first degree felony murder statute, it is unclear as to whether the *Williams* court's interpretation of the "in furtherance of" phrase also applies to the version of the second degree felony murder statute in effect at the time of Harrison's conviction. *See, e.g., Williams*, 818 A.2d at 911 n. 24 (stating that "the statutory language of sections 635(2) and 636(a)(2), however, contain the same "in the course of" and "in furtherance of" language.") Nevertheless, the court can resolve the viability of Harrison's actual innocence claim on the basis of the pleadings filed in this proceeding.

8

2007); *Horning v. Lavan*, 197 Fed. Appx. 90, 93 (3d Cir. Oct. 2, 2006). In this case, the court

concludes that Harrison's vague and conclusory assertion of innocence under the *Chao/Williams*

precedent fails to present a viable claim of innocence. In addition to redefining the "in

furtherance of" language contained in the first degree felony murder statute, the *Williams* court

also explained that a defendant would still be liable "for a murder committed by an accomplice

where the murder was the foreseeable consequence of the underlying felonious conduct and the

defendant intended to promote or facilitate the principal's conduct constituting the [felonious]

offense." *Williams*, 818 A.2d at 913 n.45. Harrison's actual innocence argument, however, only

references her lack of intent to murder the robbery victim, not her intent regarding the promotion

of the robbery, and Harrison makes no statement as to whether her co-defendants murdered the

victim in order to move the robbery forward or whether the murder was a foreseeable

consequence of the robbery.

    Additionally, the record in this case reveals several major flaws in Harrison's actual

innocence argument. The court accepts, as it must, the Superior Court's factual finding that

Harrison was present during the planning stages of the robbery.[7] Harrison also concedes that she

was in the car at the time of the robbery, and she indicates that she went in the car willingly.

Given the fact that Harrison was present during the planning stages of the robbery, Harrison's

---

    [7]A federal court reviewing a § 2254 petition must presume the state court's
determinations of factual issues are correct, unless the petitioner presents clear and convincing
evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341
(2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues,
whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This
presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v.
Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Harrison has not presented clear and convincing
evidence to rebut the Superior Court's factual finding.

assertion that she only went along for a car ride is specious at best, as is any implicit assertion on her part that she did not foresee the injury or murder of the victim as a foreseeable outcome of the robbery.

Thus, given all of these circumstances, the court concludes that Harrison's actual innocence argument does not warrant equitable tolling. Accordingly, the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Harrison's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Harrison's petition for a writ of habeas

10

corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.)

An appropriate order will be entered.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MONA LISA HARRISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 06-434-GMS |
| | ) | |
| PATRICK RYAN,  Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Mona Lisa Harrison's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C

§ 2254, is DISMISSED, and the relief requested therein is DENIED.  (D.I. 2.)

2. The court declines to issue a certificate of appealability because Harrison has failed to

satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Sept 23 , 2008

CHIEF UNITED STATES DISTRICT JUDGE

```
FILED

SEP 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```